IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES SIMMERS,<br>Plaintiff,<br><br>v.<br><br>JAMES ELO; MIKE KELLY; TIMOTHY DEERY; JOSE COLLAZO; JAMES W. AVERY; JOSEPH RALSTON; ANDREW KELLY; NEHEMIAH HAIGLER; JOHN BRENNAN; AVRIL EKLUND; TIMOTHY RILEY; and JOHN AND JANE DOES 1-25,<br>Defendants. | CIVIL ACTION<br><br><br>NO. 14-6609 |

## MEMORANDUM OPINION

This action arises out of the arrest of Plaintiff James Simmers, the charges filed against him and the ultimate withdrawal of those charges. Simmers has sued a number of police officers for unlawful arrest, unlawful search and malicious prosecution as well as additional state-law claims. The Defendants move to dismiss the unlawful arrest and malicious prosecution claims. Plaintiff has conceded that the state-law claims must be dismissed on sovereign immunity grounds, *see Robinson v. Ridge*, 996 F. Supp. 447, 446 & n.3 (E.D. Pa. 1997). Mot. at 11. Accordingly, Plaintiff's claims for false imprisonment and for intentional infliction of emotional distress will be dismissed with prejudice. For the reasons set out below, the motion will be granted in part and denied in part.

I. BACKGROUND

Defendants are agents of the Pennsylvania State Attorney General's office, working for the Bureau of Narcotics Investigation. Am. Compl. ¶ 4. For some time prior to November, 2012, Defendants conducted an investigation into alleged trafficking of methamphetamines in southeastern Pennsylvania. *Id.* ¶¶ 4-5. That investigation culminated in the arrest of multiple

individuals, including Simmers and another person named Francis Gulich. *Id.* ¶¶ 4-5, 9. Some of the arrested individuals owned businesses related to auto repair or had an interest in auto repair and motorcycles. *Id.* ¶ 14. Defendants intercepted a number of telephone calls between those individuals and determined that they used coded language to refer to drugs, including "tires," "muffins," "flow," "sawzall," "beers," and "things." *Id.* ¶ 16. The Defendants made that determination through listening to the calls, observing the callers interacting with each other following the calls, searching residences and businesses and interviewing individuals involved in the drug activity. *Id.* ¶ 17.

The Defendants also listened to telephone calls between Simmers and Gulich. *Id.* ¶ 20. During those calls, Simmers asked Gulich for motorcycle parts, and Defendants assumed that Simmers instead was using coded language to ask Gulich for drugs. *Id.* ¶¶ 20-21. The Complaint alleges to the contrary. Simmers actually was asking Gulich for parts for Simmers' motorcycle. *Id.* ¶ 22. Simmers and Gulich had developed a friendship over their mutual interest in motorcycle riding and repair. *Id.* ¶¶ 10-11. Gulich had another friend who had access to motorcycle parts from his business of repossessing motorcycles, and Gulich sometimes would give parts from those repossessions to Simmers. *Id.* ¶ 12.

Defendants relied solely on the phone conversations between Simmers and Gulich regarding motorcycle parts to conclude that Simmers was guilty of drug distribution activity. *Id.* ¶ 20. Defendants searched Simmers' home, but found no contraband or evidence of drug distribution. *Id.* ¶ 29. Neither did surveillance or statements of others involved in the drug activity corroborate that conclusion. *Id.* ¶ 25. Nevertheless, they arrested Simmers and charged him with various drug and conspiracy-related crimes. *Id.* ¶ 26. Over one year later, the Commonwealth withdrew all charges against Simmers. *Id.* ¶ 35.

## II. ANALYSIS

### A. *Motion to Dismiss Standard*

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining the adequacy of a complaint to state a cause of action, the Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to plaintiff." *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011).

### B. *Whether the Claims are Pleaded With Adequate Specificity*

Defendants argue that Simmers fails to state a claim under 42 U.S.C. § 1983 because he does not specify the specific wrongful conduct of each of the Defendants individually. Mot. at 5-6. To be liable under Section 1983, a defendant "'must have personal involvement in the alleged wrongs.'" *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2007) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir 1988)). A defendant "'cannot be held responsible for a constitutional violation which he or she neither participated in nor approved.'" *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d. Cir. 2007) (quoting *C.H. ex rel. ZH v. Oliva*, 226 F.3d 198, 201 (3d Cir. 2000)). Here, Simmers has alleged that each of the Defendants arrested him without probable cause, Am. Compl. ¶¶ 26-27, 29-30, 32, 44, and that each of them searched his home without probable cause or a warrant. *Id.* ¶¶ 21-22, 24-25, 28, 48. Defendants argue that "it is obviously not possible for all [Defendants] to have participated in Plaintiff's arrest." Mot. at 5. However, regardless whether the allegation appears likely to be accurate, for the purpose of this motion to dismiss, the alleged "facts must be taken as true and a complaint may not be dismissed

3

merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on those merits." *Phillips*, 515 F.3d at 231.

Defendants also argue that the Amended Complaint "gives [them] no clue as to what they are alleged to have done, making defending against the claims next to impossible." Mot. at 6. That argument does not pass muster. To state a Section 1983 claim for false arrest, a plaintiff must allege that a defendant arrested him without probable cause and that the defendant knew he lacked a factual or legal basis for the arrest. *Paff v. Kaltenbach*, 204 F.3d 425, 435 (3d Cir. 2008). "Probable cause exists when the facts known to the officer are sufficient to warrant a reasonable person to believe that the offense has been committed." *Eckman v. Lancaster City*, 529 F. App'x 185, 186 (3d Cir. 2013); *Orsatti v. N.J. State Police*, 71 F.3d 480, 483 (3d Cir. 1995). Whether probable cause exists is generally a factual issue. *Eckman*, 529 F.3d at 186; *Groman v. Twp. of Manalapan*, 47 F.3d 628, 635 (3d. Cir. 1995).

Simmer has alleged that the only evidence Defendants had that he might be involved in a methamphetamine ring was that they heard him discussing obtaining motorcycle parts from Gulich. Am. Compl. ¶¶ 16-17, 20, 26. Defendants had information corroborating their assumption that the phone calls of the other individuals under investigation concerned drug sales in the form of their conduct after the phone calls, searches conducted by Defendants in which they found materials reflecting drug distribution, and testimony from cooperating witnesses. *Id* ¶¶ 17-19. As to Simmers, however, the Defendants had no such evidence: a search of his residence revealed no evidence relating to drug distribution, and none of the persons interviewed mentioned him as a part of the drug ring. *Id*. ¶¶ 18-19, 22. Simmers further alleges that Defendants simply ignored the fact that he was the owner of a salvage yard and his interest in repairing and riding motorcycles, which he alleges provided an exculpatory, and accurate,

4

explanation of his telephone calls with Gulich regarding motorcycle parts. *Id.* ¶ 21. Thus, Defendants know what Plaintiff alleges they have done—arrested him without probable cause. And they know what they need to defend against—the allegation that they knew they lacked a factual and legal basis for probable cause in making that arrest.

Simmers' Amended Complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Simmers alleges that Defendants searched his residence without a warrant and without probable cause. "[S]earches and seizures inside a home without a warrant are presumptively unreasonable." *Brigham City, Utah v. Stuart,* 547 U.S. 398, 403 (2006) (quoting *Groh v. Ramirez,* 540 U.S. 551, 559 (2004) (internal quotation marks omitted)). "[W]arrants are generally required to search a person's home or his person unless the exigencies of the situation make the needs of law enforcement so compelling that the warrantless search is objectively reasonable under the Fourth Amendment." *Mincey v. Arizona,* 437 U.S. 385, 393-94 (1978). "Regardless whether [such] an exception [to the warrant requirement] applies, a warrantless search generally must be supported by probable cause." *New Jersey v. T.L.O.,* 469 U.S. 325, 340 (1985). Probable cause exists if there is "fair probability that contraband or evidence of a crime will be found in a particular place." *See Illinois v. Gates,* 462 U.S. 213, 238 (1983). Thus Simmers' allegation that Defendants searched his residence without a warrant and without probable cause states a valid claim. And, as discussed above, Simmers adequately has pled the factual basis on which he alleges that Defendants lacked probable cause to search his residence.

## C. *The Malicious Prosecution Claim*

Defendants argue Simmers has failed to state a valid claim for malicious prosecution because he has not adequately alleged that they initiated a criminal proceeding against him. Mot. at 8-9.[1] Ordinarily, a malicious prosecution claim must proceed against a prosecutor because it is the prosecutor who initiates the prosecution. *Strange v. Freeman*, No. 11-7911, 2012 WL 5494666, at *2 (E.D. Pa. Nov. 13, 2005); *Harris v. City of Philadelphia*, No. 07-493, 2008 WL 481061, at *5 (E.D. Pa. Aug. 14, 1998). "A police officer can be liable for malicious prosecution if he or she 'fails to disclose exculpatory evidence to prosecutors, makes false or misleading reports to the prosecutor, omits material information from the reports, or otherwise interferes with the prosecutor's ability to exercise independent judgment in deciding whether to prosecute.'" *Strange*, 2012 WL 5494666, at 2 (quoting *Zeglen v. Miller,* Civ. A. No. 04-1940, 2008 WL 696940, at *8 (M.D. Pa. Mar. 12, 2008)); see *Napier v. City of New Castle*, 407 F. App'x 578, 584 (3d Cir. 2010). In his Amended Complaint, Simmers has not alleged that Defendants made false or misleading statements to a prosecutor. He has not alleged that they interfered with the prosecutor's ability to exercise independent judgment. Neither has he alleged anything concerning the contents of any reports made by Defendants. Although, Simmers does allege that Defendants were aware of exculpatory information and that they failed to provide that information "to Plaintiff or his criminal counsel," Am. Compl. ¶¶ 30-31 (emphasis added), he does not allege that Defendants withheld evidence from the prosecutor, which is what he must do

---

[1] To prevail in a Section 1983 action malicious prosecution action, a plaintiff must show: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *DiBella v. Borough of Beachwood*, 407 F.3d 599, 601 (3d Cir. 2005) (quoting *Estate of Smith v. Marasco,* 318 F.3d 497, 521 (3d Cir. 2003).

6

to succeed on a malicious prosecution claim. Thus, Simmers has failed to state a claim for malicious prosecution and, accordingly, that claim will be dismissed.

**BY THE COURT:**

_____
**WENDY BEETLESTONE, J.**
